[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12823
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-01828-CV-T-26-MSS

BEVERLY FRANTINO MAJKUT,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 30, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Beverly Majkut appeals the district court's order affirming the

Commissioner's denial of her application for disability insurance benefits, 42 U.S.C. § 405(g), and supplemental security income, 42 U.S.C. § 1383(c)(3). Majkut raises four arguments on appeal. First, she argues that the Administrative Law Judge ("ALJ") erred by finding that she did not suffer a severe impairment as a result of panic attacks and anxiety. Second, she contends that the ALJ erred in finding her subjective complaints of pain and her limitations to be inconsistent and not entirely credible. Third, she argues that the ALJ gave less weight to two treating physicians—Dr. Cua and Dr. Levine—without good cause for doing so. Finally, she contends that the ALJ erred by weighing the findings of Dr. Schwartz more heavily, and in finding that his opinions supported a finding that she had the Residual Functional Capacity ("RFC") to work in the national economy.

## A.

We do not typically address arguments not raised before the district court in a Social Security case. *Stewart v. Dept. of Health and Human Services*, 26 F.3d 115, 115-16 (11th Cir. 1994). Failure to elaborate on a claim or provide citation of authority results in waiver of the claim. *Flanigan's Enterprises, Inc. of Georgia v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (non-Social Security case).

When properly preserved, we review the Commissioner's decision to

2

determine if it is supported by substantial evidence. *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004); 42 U.S.C. § 405(g). "Substantial evidence as to the [Commissioner's] factual findings is more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). We review *de novo* the district court's decision on whether substantial evidence support supports the ALJ's decision. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

An individual claiming Social Security disability benefits must prove that she is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). For Social Security purposes, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) (disability insurance benefits), 1382c(a)(3)(A) (supplemental security income). "The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that [he] is disabled." *Jones*, 190 F.3d at 1228. A claimant must show that:

(1)  she is not performing substantial gainful activity;
(2)  she has a severe impairment;

3

> (3)    the impairment or combination of impairments meets or equals an impairment listed in the regulations;
> (4)    she cannot return to past work;
> (5)    she cannot perform other work based on her age, education, and experience.

*Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

"There is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). The testimony of treating physicians must be given substantial weight unless good cause is shown to the contrary. *Crawford*, 363 F.3d at 1159. In determining whether a claimant is disabled, the ALJ will: "consider all [her] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a).

At Step Two, a claimant must show that she has a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(iii). At Step Five, she must show that she does not retain the RFC to perform other work based on her

age, education, and experience.  20 C.F.R. § 404.1520(a)(4)(v).

Majkut did not raise her first claim—concerning claims that she suffered panic attacks and anxiety—before the district court, and therefore it is deemed waived.  In any event, substantial evidence supports the ALJ's conclusion that she did not suffer a severe impairment in these respects.  At different times, she claimed the attacks had gotten better or worse and Dr. DelBeato noted that she might be embellishing symptoms.  Accordingly, substantial evidence supported the ALJ's conclusion that, while some of her conditions were severe, her panic attacks and anxiety were not.

### B.

Majkut argues that the ALJ did not provide sufficient support for its conclusion that she was not credible.  She argues that it erroneously found there was evidence of "symptom magnification" based on testimony from Dr. DelBeato and Dr. Kazar, when neither made such a finding, nor did their testimony support such a finding.  She also contends that the ALJ erred by finding Dr. Soto-Aguilar's treatment regimen for fibromyalgia was not consistent with the diagnosis.  She argues that Dr. Soto-Aguilar diagnosed her with fibromyalgia, suggested more treatment than the ALJ stated, and did not suggest that she could work.  Finally, she argues that the ALJ's finding that there were periods when she did not receive

5

treatment was contradicted by the record.

If a claimant testifies regarding subjective complaints of disabling pain and other symptoms, "the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations." *Dyer*, 395 F.3d at 1210. In order for a claimant to sufficiently establish disabling pain through testimony, she must show:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.* (quoting *Holt v. Sullivan, 921 F.2d 1221* (11th Cir. 1991)).

Regulation 96-7p and 20 C.F.R. § § 404.1529(c)(4) and 416.929(c)(4) require the ALJ to consider the consistency of subjective complaints. The regulations require the Commissioner to evaluate subjective complaints of pain in light of the objective medical evidence, the claimant's own statements, and other evidence in the record, and to offer specific reasons for discrediting a claimant's subjective complaints. SSR 96-7p. In evaluating subjective complaints of pain, the Commissioner considers the extent to which symptoms, such as pain, affect the claimant's ability to perform basic work activities. The Commissioner considers the objective medical evidence from treating and non-treating sources, the location, duration, frequency, and intensity of pain, aggravating factors, medication and

6

treatment, and any other factors. *See* 20 C.F.R. §§ 404.1529 and 416.929.

Although a claimant's admission that she participates in daily activities for short durations does not necessarily disqualify the claimant from disability, *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997), that does not mean it is improper for the ALJ to consider a claimant's daily activities at all. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (specifically listing the claimant's daily activities as one of the factors to consider in evaluating the claimant's symptoms).

Substantial evidence supported the ALJ's conclusion that Majkut's subjective complaints of disabling pain and other symptoms were not entirely credible. She was inconsistent in stating that she could not do any chores or drive, but telling other physicians that she drove her husband to work and did some chores. Dr. DelBeato noted that she might be embellishing symptoms. Accordingly, the ALJ did not err in finding her to be not entirely credible in this respect.

C.

Majkut argues that, if the ALJ had properly credited the testimony of Dr. Cua or Dr. Levine, that would have shown that she could not work. She argues that the ALJ did not base his rejection of their testimony on substantial evidence because he did not set forth good cause for rejecting Dr. Cua's opinion. She notes

7

that, in particular, the ALJ's conclusion that Dr. Cua based his assessment only on her subjective complaints was contradicted by the record. She contends that the ALJ erred in finding that Dr. Levine's assessment was contradicted by the record because he failed to note that Dr. Levine referred her to specialists, whose own assessments supported his own findings.

When weighing medical opinions, treating physicians are generally accorded more weight. 20 C.F.R. § 404.1527(d)(2). "Testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis*, 125 F.3d at 1440. Good cause exists, for example, where the conclusion was not bolstered by evidence, the evidence supported a contrary finding, or where the opinion is conclusory or inconsistent with the doctor's own records. *Id.* The ALJ must clearly articulate its reasons for doing so. *Phillips*, 357 F.3d at 1241. An opinion on an applicant's RFC is not a medical opinion, but rather a decision reserved to the Commissioner, to be based on medical sources. 20 C.F.R. § 404.1527(e)(2).

Substantial evidence supports the ALJ's decision to give less weight to Dr. Cua's and Dr. Levine's opinions. Dr. Cua treated Majkut from 2003 to 2006 regarding her mental impairments, and the Commissioner does not argue that he was not a treating physician. His opinions were also based on Majkut's subjective

8

complaints, which the ALJ found to be inconsistent. He performed a number of evaluations but these appear to have been based largely on her subjective complaints. He does appear to have made some notes regarding his personal observations, noting that she was depressed and weepy. While his conclusions do not appear to be based solely on her subjective complaints, as found by the ALJ, these limited observations do not establish severe panic attacks and anxiety when most of the support came from Majkut's own complaints, which were not entirely credible. Further, the state-ordered psychological examination did not find any severe impairments. In addition, because he began treating Majkut in 2003 and her last date insured was in 2002, to the extent his findings relate to her condition after her last date insured, they cannot support her DIB claims.

Substantial evidence also supports the limited weight given to the opinion of Dr. Levine, Majkut's former treating physician, with respect to her physical impairments. The ALJ found that Dr. Levine's opinions were based solely on Majkut's subjective complaints, and she was not credible in this respect. Dr. Levine's 2002 conclusion that she could not work 8 hours or carry 10 pounds was not made with the benefit of the 2001 FCE results, nor did he test her to determine what her limitations were, and therefore was based upon her subjective complaints. Dr. Levine's 2005 conclusion that she could not work due to a variety of health

9

problems because her condition had remained the same was inconsistent with his own records because he did not document treatment for all of the impairments. Dr. Horton, for example, did not recommend surgery for carpal tunnel syndrome, and in 2004 found with respect to her cervical complaints that she had a fairly good range of motion. Dr. Soto-Aguilar advised her to undertake light exercise and did not restrict her activities. Regarding Dr. Levine's conclusions on her mental health, the ALJ noted that Dr. Levine was not a mental health practitioner. While these opinions do not constitute rejection of her claims of impairment due to carpal tunnel syndrome and fibromyalgia, respectively, they are inconsistent with the limitations Dr. Levine imposed. Therefore, the ALJ's decision is affirmed in this respect.

D.

Majkut argues that the ALJ erred by construing Dr. Schwartz's assessments as supporting its finding that she could perform light work. She argues that Dr. Schwartz never found that she could perform light work, and that his recommendation that she could perform "light duty" was not the same as performing "light work." She argues that she was limited to "light duty," which included a limitation that she was limited to lifting no more than 5 pounds with her left arm and could not perform repetitive activity with her left arm, as well as only

10

working 4 hours a day, 4 days a week. She also notes that even when Dr. Schwartz found that she could perform a number of tasks, he only stated that she could do so "on an occasional basis."

Being able to perform light work is defined as:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

Regardless of its source, all medical opinions are assessed by noting the examining relationship, the treatment relationship, whether the finding is supported, whether the opinion is consistent with the record as a whole, specialization of the doctor, and other factors which tend to support or contradict the opinion. 40 C.F.R. § 404.1527(d).

In a Social Security case, erroneous factual statements by the ALJ may constitute harmless error if the ALJ applies the proper legal standard. *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983). In *Moore v. Barnhardt*, 405 F.3d 1208, 124 (11th Cir. 2005), we noted that where the ALJ failed to analyze or document the applicant's condition in two functional areas, and we could not

11

determine what impact this had on the ALJ's determination, we could not evaluate the claim for harmless error. *Moore*, 405 F.3d at 1214.

Even assuming *arguendo* that Dr. Schwartz's conclusions did not support a finding that she was disabled, the ALJ relied heavily on other evidence, notably state agency-ordered evaluations that found that Majkut was capable of the exertional demands of light work. The ALJ noted the "great weight" it gave to these evaluations, stating that they were consistent with the clinical data and Majkut's activities. Majkut's own statements about her limitations were contradictory. By contrast, there was good cause to limit the weight given to other findings supporting her claims. Accordingly, substantial evidence in the record supports the ALJ's decision.

**AFFIRMED.**