[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12742
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00892-JRK

RUFUS L. WILSON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 7, 2012)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Rufus Wilson appeals the district court's order affirming the

Commissioner's denial of disability insurance benefits and supplemental security

income benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3).  He contends that the administrative law judge:  (1) failed to properly apply this Court's pain standard; and (2) improperly made an adverse credibility determination based on his testimony.[1]

We review the ALJ's decision "to determine if it is supported by substantial evidence and based upon proper legal standards."  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id.

When a claimant attempts to establish a disability through his own testimony about pain or other subjective symptoms, the ALJ must apply a three-part "pain standard."  Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002).   Under that standard, the claimant must present:  "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) evidence that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain."  Id.

---

[1] Wilson also contended before the district court that the ALJ incorrectly assessed his alleged somatoform disorder.  His brief to this Court lists that issue as an issue on appeal, but does not set forth any arguments on it.  Accordingly, Wilson has abandoned that issue and we do not address it.  See Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1278 (11th Cir. 2009) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")

Here, the ALJ properly applied that standard.  Although he did not cite to our Wilson decision or specifically mention the three-part pain standard, he did discuss evidence of Wilson's underlying medical conditions.  He also discussed the objective medical evidence that Wilson presented as to the severity of the pain, but ultimately concluded that evidence did not support a finding that the pain was as severe as Wilson claimed.  The ALJ applied the proper standard and substantial evidence in the record supports his determination that Wilson was not disabled because of pain.

Wilson also contends that the ALJ improperly made an adverse credibility determination against him.  "Credibility determinations are the province of the ALJ."  Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005).  Accordingly, "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed" on appeal.  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995).

The ALJ concluded that Wilson was not credible because he:  (1) testified that he always used a cane to walk, even though the medical evidence showed that a cane was not medically necessary; (2) inconsistently reported the frequency and severity of his vertigo episodes; (3) inconsistently reported his ability to drive; (4) inconsistently reported whether he was wearing a seatbelt during a motor vehicle accident that allegedly injured him; (5) inconsistently reported the position of his

head during that motor vehicle accident; and (6) had reported to the VA daily activities that were far greater than what he testified to at the hearing before the ALJ. Our review of the record shows that substantial evidence supports the ALJ's adverse credibility determination.

Wilson contends, however, that the ALJ erred because he based his credibility determination on the fact that Wilson did not apply for worker's compensation after the motor vehicle accident. Wilson argues that he did not apply for worker's compensation because his employer at the time did not offer it, so his failure to apply should not reflect adversely on his credibility. Although the ALJ's order does mention Wilson's failure to apply for worker's compensation, it does not appear that the ALJ considered that failure in making his adverse credibility determination. In any event, because our review of the record shows that there is sufficient evidence to support an adverse credibility determination independent of Wilson's failure to apply for worker's compensation, any error in that regard was harmless. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (determining that the ALJ made erroneous statements of fact, but holding that the error was harmless in the context of the case).

**AFFIRMED.**

4