Joseph DIORIO, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 83–5014
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Dec. 19, 1983.

Kushner & Castellanos, Jeffrey Kushner, Fort Myers, Fla., Barkan & Neff Co., LPA, Sanford A. Meizlish, Columbus, Ohio, for plaintiff-appellant.

Stanley Marcus, U.S. Atty., Lloyd G. Bates, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

GODBOLD, Chief Judge:

## I. Background

This case concerns the denial of disability insurance benefits to an applicant who claims to suffer severe pain but whose doctors have been unable to identify the source of pain. The district court found substantial evidence to support the Secretary of Health and Human Services' decision and affirmed the determination of non-disability. We conclude that the administrative law judge applied the wrong legal standard and reverse with instructions to remand to the Secretary.

Diorio, a 64-year-old man with a 7th grade education, had a long work record until 1979. His jobs included assembler of airplane seats, self-employed painter, and, most recently, carpenter repairing railroad freight cars. In December 1979 Diorio was involved in a car accident in which he was hit from behind by a large truck. Though not hospitalized, he received therapy and painkilling medication. He has seen several doctors since. Some have determined that he suffers from some physical problems, but none has been able to pinpoint the source of pain.

Diorio applied for disability insurance benefits in March 1980. The Social Security Administration denied the application initially and on reconsideration. On request from Diorio an ALJ held a hearing in December 1980 at which Diorio testified about the persistent pain in his head, neck and arm, and the occasional blackouts and dizzy spells he suffers. Considering the case de novo, the ALJ determined that Diorio did not have a severe impairment. The ALJ also found that Diorio retained the capacity to do medium work and was closely approaching advanced age. The ALJ concluded that Diorio was not disabled under 42 U.S.C. § 423(d) (1976 & Supp. IV 1980).

After the ALJ's decision, Diorio retained counsel; a paralegal had previously represented him. Counsel determined that Diorio needed a psychiatric evaluation and informed the Appeals Council, the next stage in the administrative process, of this. The psychiatric evaluation was scheduled for

April 7, 1981; the administrative record was to close on March 29, 1981. The Appeals Council denied Diorio's request for an extension of time in which to submit the psychiatric report. On April 30, 1981 the Appeals Council approved the ALJ's determination of non-disability.

Diorio appealed to the district court. The court referred the case to a magistrate, who recommended that the Secretary's decision be affirmed. Diorio filed objections to the magistrate's report and recommendation. The district court adopted the magistrate's report and recommendation in its entirety. The court did not consider whether the Appeals Council should have granted the extension of time.

## II. Application of substantial evidence standard

This appeal raises the question whether the district court should have applied the substantial evidence standard if the ALJ applied an improper legal standard. We find that the ALJ made erroneous statements of fact, but we conclude that this was harmless error in the context of this case and that the ALJ applied the proper legal standard when considering the vocational factors.

■ The ALJ stated that Diorio was closely approaching advanced age. This is incorrect; Diorio's age at the time of the hearing, 61, closely approaches retirement age. 20 C.F.R. § 404.1563(d) (1983). Additionally, the ALJ considered Diorio's job as an assembler in contravention of the regulations that prohibit consideration of any job held more than 15 years ago. 20 C.F.R. § 404.1565(a) (1983). These are harmless errors, however. The ALJ actually applied Diorio's vocational factors on a section of the grids for those closely approaching retirement age; presumably he misspoke when he used the phrase "closely approached advanced age." Also, the ALJ should have classified Diorio as skilled or semi-skilled on the basis of his railroad work alone; consideration of the assembling job did not change the categorization. Furthermore, under the regulations, one considers vocational factors only after de-

termining that the claimant suffers a severe impairment. 20 C.F.R. § 404.1520(c) (1983); see Lofton v. Schweiker, 653 F.2d 215, 217 (5th Cir.1981) (Unit A). The ALJ found no severe impairment. Consequently his analysis of vocational factors is irrelevant. Whether Diorio can perform his past work is also irrelevant. See id.

## III. Testimony about pain

■ The ALJ determines the disabling nature of pain. Gaultney v. Weinberger, 505 F.2d 943, 945–46 (5th Cir.1974). If substantial evidence supports the determination, this court will affirm. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir.1980). In making such a determination the ALJ must recognize that pain alone can be disabling even if there is no objective medical evidence to support the claimant's testimony about pain. See Gaultney, 505 F.2d at 945.

■ The ALJ considered Diorio's testimony, but concluded that it did not show pain of a disabling nature.

While it is apparent that claimant has occasional pain and discomfort in his neck, the evidence does not show the presence of severe, persistent and intractable pain which does not respond to therapy and is continuously disabling in and of itself. Extensive diagnostic studies and x-rays were done to evaluate claimant's headaches, but no objective clinical findings substantiate a physical basis for this problem. Claimant takes pain medication to alleviate his symptoms, and no abnormalities have been found on multiple diagnostic tests to support a finding of a severe medical impairment.

This suggests that the ALJ required objective evidence to support Diorio's statements of pain. Other statements in the record support this view.

To merit consideration and determination of disability as defined in the Social Security Act, allegations of functional limitations must be medically determinable and demonstrated by medically acceptable clinical and laboratory diagnostic techniques. Statements of the claimant

... are, alone, insufficient to establish the presence of a severe physical or mental impairment. All the claimant's symptoms, including his complaints of pain, and the extent to which signs and laboratory findings confirm these symptoms, are considered. The effects of all these symptoms are evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom.

Before determining whether the ALJ's application of an improper legal standard requires us to remand the case, we must consider an amendment to the statute authorizing the remand, 42 U.S.C. § 405(g) (Supp. IV 1980). In 1980 Congress amended the statute so that it now reads:

> The court may ... at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Prior to the amendment the statute allowed the court to remand for additional evidence "on good cause shown." We recognize that the amendment "was at least in part designed to limit federal court remands to the Secretary." *Aubeuf v. Schweiker,* 649 F.2d 107, 115 (2d Cir.1981). However, other courts have concluded that the amendment does not preclude remand when the Secretary has misapplied the law. *Id.* at 116; *Guy v. Schweiker,* 532 F.Supp. 493, 498 (S.D.Ohio 1982); *Saliby v. Schweiker,* 522 F.Supp. 541, 544 (E.D.N.C.1981); *Rosario v. Secretary of Health and Human Services,* 512 F.Supp. 874, 878–79 n. 6 (S.D.N.Y.1981). We find legislative intent supports this view. "This language [the amendment] is not to be construed as a limitation of judicial remands currently recognized under the law in cases which the Secretary has failed ... to have correctly apply [sic] the law." H.R.Rep. No. 100, 96th Cong., 1st Sess. 13 (1979). The case must be remanded to the Secretary so that the case may be considered under the proper legal standard.

### IV. Psychiatric report

 The only remaining issue is whether the Secretary should consider the psychiatric evaluation on remand. If the case were not being remanded on other grounds, Diorio would have to show that the new evidence is material and that there was good cause for not presenting the evidence earlier. 42 U.S.C. § 405(g) (Supp. IV 1980). However, because the case is already being remanded, we decline to reach these questions. We conclude that for the Secretary on remand to review the case on a complete record, it is necessary to consider the psychiatric report. *See Ibarra v. Schweiker,* 543 F.Supp. 49, 53 (N.D.Cal.1981); *Tunstall v. Schweiker,* 511 F.Supp. 470, 475 (E.D.Pa. 1981).

REVERSED, with instructions to remand to the Secretary.