[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 16, 2010
JOHN LEY
CLERK

_____

No. 09-15449
Non-Argument Calendar
_____

D. C. Docket No. 08-00067-CV-DHB-3

EMORY K. COOPER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,
Michael Astrue,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 16, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Emory Cooper appeals the district court's order affirming the Social Security Administration's ("SSA") denial of his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), 42 U.S.C. § 405(g). On appeal, Cooper argues that the finding of the Administrative Law Judge ("ALJ") that he had the ability to perform past relevant work and work in the national economy was not supported by substantial evidence because the ALJ improperly discounted the opinions of his treating physicians, incorrectly assessed the available evidence, and failed to recontact his physicians before ordering a consultative examination.

We review *de novo* the legal principles underlying the Commissioner's decision. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). However, the Commissioner's final decision regarding disability is reviewed under the substantial evidence test, which requires that the administrative decision be based on "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Substantial evidence is "less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Errors may be harmless if they do not prejudice the claimant. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

In this case, the ALJ finding that, despite severe impairments, Cooper retained the ability to perform light work and, consequently, was not disabled was supported by substantial evidence in this record. The ALJ did not totally discount the findings and opinions of Cooper's treating physicians, and, to the extent that he did, his reasons were proper and supported by the record. Assuming *arguendo* that the ALJ erred by ordering a consultative exam before recontacting treating physicians, any error was harmless, because Cooper suffered no prejudice as a result. In particular, the RFC findings made after the consultative exam found more limitations, not less, than were documented prior to the exam, so the exam benefitted him, as these additional limitations were incorporated into the ALJ's decision.

The task of determining a claimant's ability to work is within the province of the ALJ, not a doctor, and substantial evidence supports the ALJ's finding that Cooper was not disabled. Accordingly, we affirm.

**AFFIRMED.**

3