[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14305
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 29, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:10-cv-00078-HLM

DONNA BROWN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 29, 2012)

Before BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Donna Brown appeals the district court's order affirming the Social Security

Administration's ("the Commissioner") denial of her application for disability insurance benefits and supplemental security income. Brown argues that the administrative law judge ("ALJ") lacked substantial evidence for this decision because the ALJ improperly discounted the testimony of her consultative psychologist, Dr. David Rush.[1]

The ALJ concluded that Brown is capable of performing light work and of performing her past relevant work as a meter reader. See 20 C.F.R. §§ 404.1520(e), 1567(b). This conclusion was supported by the treatment notes prepared by Brown's treating physician and the opinions of two non-examining psychologists who reviewed the available medical evidence and whose determinations were supported by the record. The ALJ also considered and gave "some weight" to the opinion of Dr. Rush, and the ALJ was not required to accord additional weight to Dr. Rush's opinions because he examined Brown only once. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) (holding that opinion of doctor who examined claimant once need not be given great weight). The ALJ's decision to give only "some weight" to Dr. Rush's opinions based on a single examination was sufficiently supported by evidence

---

[1] We review the district court's decision de novo. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). We review the Commissioner's factual findings for substantial evidence. Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1260 (11th Cir. 2007). We may not reweigh the evidence or make new factual findings. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).

2

that Brown had made statements about her condition that were inconsistent with Dr. Rush's testimony, and by the opinions of Brown's treating physician and the two reviewing psychologists, which contradicted many of Dr. Rush's opinions. Finally, although the ALJ erroneously found that Brown had not sought treatment for her mental health issues over an eighteen-year period prior to 2007, this error was harmless because the remaining evidence provided a substantial basis for the ALJ's conclusion. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (affirming ALJ decision including harmless factual error).

**AFFIRMED**