[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14340
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-00969-DAB


ANTONIO TILLMAN,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 4, 2014)


Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Antonio Tillman appeals the district court's order affirming the Social Security Administration's denial of his application for supplemental security income.  He contends the administrative law judge (ALJ) erred by failing to explicitly assign weight to the opinions of two emergency room physicians, each of whom examined him and commented on his alleged disability.  He also complains that the ALJ failed to give those opinions sufficient weight in his disability evaluation.  After careful review,[1] we conclude Tillman's arguments fail, and we therefore affirm.

Tillman first faults the ALJ for failing to explicitly assign weight to the opinions of doctors Ullah and Subhani, who treated Tillman during his hospitalization following a stroke in 2006.  Ordinarily, an ALJ's failure to explain the particular weight given to the different medical opinions provided is reversible error.  *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).  However, when the ALJ's error did not affect its ultimate findings, the error is harmless, and the ALJ's decision will stand.  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).  In the instant case, the ALJ expressly noted and considered the diagnostic evidence on which Ullah and Subhani relied in forming their opinions, and that evidence, along with other objective medical evidence in the record and Tillman's own

---

[1] In a Social Security appeal, we affirm the Commissioner's decision if it "is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted).

testimony, showed that he was not disabled and incapable of work. For example, Ullah opined that Tillman was "severely disabled" and "unable to function independently," but he did not offer any detailed explanation supporting this opinion, and when Tillman was discharged only days after Ullah's examination, his symptoms were stable, and he had been ambulating "quite safely" with the use of a cane. Moreover, Ullah's and Subhani's opinions concerned matters ultimately reserved to the Commissioner for final determination (i.e., whether Tillman was legally disabled) and were therefore not entitled to controlling weight. *See* 20 C.F.R §§ 404.1527(d)(1)-(3), 416.927(d)(1)-(3); *Caulder v. Bowen*, 791 F.2d 872, 878 (11th Cir. 1986). Thus, while we acknowledge the ALJ's failure to specifically reference the opinions of Ullah and Subhani, we conclude that this failure did not affect the result in Tillman's case.

For the same reasons, we conclude that the ALJ did not accord Ullah's and Subhani's opinions too little weight. Given the totality of the evidence presented and Tillman's own testimony concerning the activities he regularly performed, it is clear that substantial evidence supported the ALJ's decision to discount the opinions of Ullah and Subhani, which spoke to matters ultimately reserved to the Commissioner, were conclusory and based on limited underlying relationships with Tillman, and were contradicted by other evidence in the record.

**AFFIRMED.**

3