[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15721
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-23451-FAM


SILVIA MARIA SARRIA,

Plaintiff-Appellant,

versus

COMMISSIONER of SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 28, 2014)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Silvia Sarria appeals a decision affirming the denial of her application for supplemental security income. 42 U.S.C. § 1383(c)(3). Sarria argues that the administrative law judge gave insufficient weight to the opinions of her treating psychiatrist and a therapist that she was disabled; failed to state what weight was given to the opinions of two agency psychologists; failed to order an additional consultative evaluation; and posed an inadequate hypothetical question to the vocational expert. We affirm.

Substantial evidence supports the finding of the administrative law judge that Sarria has the mental residual functional capacity to respond appropriately to supervisors, coworkers, and the public and to perform unskilled work involving simple instructions and decisions unhampered by requirements for production pace. That finding is consistent with the treatment notes of Sarria's mental health physicians, her self-assessments, and assessments of agency physicians. Treatment notes recorded in October 2009 and in January 2010 by Sarria's doctors at Bayview Center for Mental Health state that, despite the depression caused by the death of her mother in August 2009, Sarria exhibited "appropriate" thought processes, thought content, insight, and judgment. During the last quarter of 2010, Sarria stated in an adult functioning report that her depression did not hamper her abilities to perform daily household chores, care for her brother, visit other people three to four times a week, or manage her finances, and in January 2010 she told a

2

student therapist at Bayview, Minkyong Chung, that she was "feeling a little better." In February 2010, Dr. George Davigulus, a consultant, reported that Sarria's depression did not impair her organizational skills, her cognitive functions, or her short or long-term memory. In March 2010, Dr. Linda O'Neal, an agency psychologist, reviewed Sarria's medical records and concluded that Sarria could remember work procedures and simple instructions, could adapt and interact socially, and had a moderate limitation on her ability to respond to work-setting changes. A state-sponsored psychiatrist reported that Sarris was moderately limited in her ability to complete detailed instructions and concentrate, but she could otherwise comprehend and perform simple instructions, follow a schedule without special supervision or distraction, and interact with supervisors, coworkers, and the public. Dr. Joel Pabasa, a doctor at Bayview, reported that Sarria was sad, but she had fair insight and judgment and a mood and mental functioning of "normal" or "1" on a ten-point declining scale. And Dr. Nathan Stahl, a board-certified psychiatrist, reviewed Sarria's medical records and testified that, although she had a major depressive disorder caused by grieving for her mother, the condition had not rendered her disabled and did not impede her ability to perform simple tasks. Although the administrative law judge did not state what weight she accorded Dr. Davigulus's or Dr. O'Neal's opinions, that error was harmless because those opinions were consistent with the findings about Sarria's

3

mental residual functional capacity. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

Good cause supported the decision of the administrative law judge to discount the mental residual functional reports submitted by Sarria's treating psychiatrist at Bayview, Dr. Alphonse Hayeck, and a student therapist at Bayview, Vanessa Andreade. The administrative law judge gave little weight to Dr. Hayeck's report because it was inconsistent with his earlier treatment notes, Sarria's statements about her capabilities, and Dr. Stahl's expert opinion that Sarria could perform simple tasks. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004). In March 2010, Dr. Hayeck reported that Sarria had poor to no ability to comprehend and complete detailed instructions, to function independently, to concentrate, and to interact with others. But in February 2010, Dr. Hayeck recorded in his treatment notes that Sarria had a "fair" overall mental status and exhibited "appropriate" thought processes, content, insight, and judgment, and in June 2010, Dr. Hayeck recorded that Sarria's mental status was normal except for her sadness and depression attributable to her mother's death. And the administrative law judge had good cause to disregard Ms. Andread's assessment, which essentially mirrored that of Dr. Hayeck, because she possessed a bachelor of

4

arts degree and was not an "acceptable medical source" who could "provide evidence to establish an impairment." *See* 20 C.F.R. § 416.913(a)(2) (identifying licensed or certified psychologists as acceptable medical sources).

The administrative law judge was not required to order an additional medical examination to develop a full and fair record. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). We have remanded for further development of the evidentiary record when the claimant was proceeding *pro se* and the record contained "evidentiary gaps which result in unfairness or clear prejudice," *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (internal quotation marks and citation omitted), but Sarria fails to identify any gaps in the evidence. Sarria was represented during the administrative process and was responsible for producing evidence related to her disability. *See* 20 C.F.R. § 416.912(a), (c). Sarria's medical records, the reports of her treating psychiatrists and therapists, the assessments of agency physicians, and Sarria's self-assessments provided sufficient evidence for the administrative law judge to determine whether Sarria's depression was disabling. *See id.* § 416.920b. Sarria's disagreement with the interpretation of that evidence does not warrant a remand of her case.

The administrative law judge posed a complete hypothetical question to the vocational expert about Sarria's mental functional limitations. The administrative law judge asked the vocational expert to identify jobs available to an individual of

5

Sarria's age, education, and lack of past relevant work who could understand, remember, and carry out simple instructions; make simple work-related decisions; respond appropriately to supervision; interact appropriately with coworkers and the public; and deal with changes in a routine work setting that did not require a production-type pace or involve a quota.  Sarria argues that the administrative law judge failed to incorporate in the hypothetical question the limitations identified by Dr. Hayeck and Ms. Andreade, but the administrative law judge was not required to include limitations that were not supported by the evidence.  *See Crawford*, 363 F.3d at 1161.

We **AFFIRM** the denial of Sarria's application for benefits.