[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14431
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00581-PDB

GARY HUNTER,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 23, 2015)

Before HULL, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Gary Hunter appeals the district court's affirmance of the Social Security Administration's denial of his application for disability insurance benefits under Title II of the Social Security Act. Mr. Hunter argues that the administrative law judge erred by failing to discuss his physicians' treatment notes and to afford the appropriate weight to his treating physician's medical opinions.

## I

In July of 2010, Mr. Hunter applied for disability insurance benefits, claiming disability due to a back injury, loss of feeling in his right foot and part of his left foot, removal of a portion of his vertebra, and high blood pressure. He alleged a disability onset date of April 1, 2010, and indicated that he stopped working in June of 2010 due to these medical conditions. In a subsequent pain questionnaire, Mr. Hunter stated that he also suffered from pain in his left shoulder, a neurogenic bladder, bowel problems, weakness in his legs, and pain in his lower back down to his feet. The SSA denied his application.

Mr. Hunter requested a hearing before an administrative law judge. The administrative law judge denied his application for disability insurance benefits, finding that Mr. Hunter was not under a disability within the meaning of applicable statutes and regulations. The administrative law judge found that Mr. Hunter had not engaged in substantial gainful activity since April of 2010 and had the following severe impairments: (1) degenerative disc disease of the lumbar spine

with peripheral neuropathy; (2) degenerative changes of the right foot; and (3) obesity.  But the administrative law judge concluded that Mr. Hunter did not have an impairment (or combination thereof) that met or equaled the severity required in one of the listings of impairment found in 20 C.F.R. § 404, Subpt. P., App. 1. Finally, the administrative law judge concluded that Mr. Hunter had the residual functional capacity to perform light work, with some physical limitations, including that Mr. Hunter needed appropriate access to a restroom secondary to his neurogenic bladder.  Mr. Hunter had performed past relevant work that did not exceed the physical demands of this category, including work as a substitute teacher and a benefits eligibility worker.  Thus, he was not disabled.

Mr. Hunter filed a complaint in the district court, arguing that the administrative law judge had erred by failing to consider the opinions of two of his treating physicians, Dr. Charles Mark Homra, who treated him since 2005 for his neurogenic bladder, and Dr. Samuel Kulick, who treated him since 2007 for bilateral edema in his lower extremities.  He also argued that the administrative law judge had failed to assign the appropriate residual function and that he should be classified as sedentary, at best.

The parties consented to final disposition by a magistrate judge, who affirmed the Commissioner's decision to deny Mr. Hunter benefits.  The magistrate judge found that the administrative law judge did not specifically mention Mr.

Hunter's doctors by name or specify the weight given to their opinions, but concluded that his doctors' notes did not support any additional limitations that would affect the vocational expert's testimony or the administrative law judge's decision.  Further, even if the administrative law judge should have restricted Mr. Hunter to sedentary work, his prior employment as a benefits eligibility worker required only sedentary-level exertion.  Mr. Hunter now appeals.

## II

In Social Security appeals, we review the administrative law judge's application of legal principles *de novo*, but "the resulting decision only to determine whether it is supported by substantial evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  Thus, we may not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Moore*, 405 F.3d at 1211.

A claimant must be under a disability to be eligible for disability insurance benefits.  42 U.S.C. § 423(a)(1).  In relevant part, a claimant is under a disability if he is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. *Id.* §

4

423(d)(1)(A).    The claimant bears the burden to prove the disability, and is responsible for producing evidence in support of the claim.    *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

To determine whether a claimant is disabled, the SSA applies a five-step sequential evaluation.    *See* 20 C.F.R. § 404.1520(a).    Under the first step, the claimant has the burden to show that he or she is not currently engaged in substantial gainful activity.    *Id.* § 404.1520(a)(4)(i).    Under the second step, the claimant must show that he or she has a severe impairment or combination of impairments.    *Id.* § 404.1520(a)(4)(ii).    Under the third step, the claimant has the opportunity to show that he or she has an impairment that meets or equals the criteria contained in one of the listings of impairment.    *Id.* § 404.1520(a)(4)(iii). Under the fourth step, if the claimant cannot meet or equal one the criteria in one of the Listings, the administrative law judge considers the claimant's residual functional capacity and the claimant's past relevant work to determine if he or she has an impairment that prevents him or her from performing past relevant work. *Id.* § 404.1520(a)(4)(iv).    Under the fifth step, once a claimant establishes that he or she cannot perform past relevant work due to some severe impairment, the burden shifts to the Commissioner to show that significant numbers of jobs exist in the national economy that the claimant is able to perform.    *Id.* § 404.1520(a)(4)(v).

5

"'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (quoting 20 C.F.R. §§ 404.1527(a)(2) & 416.927(a)(2)) (alterations in original opinion). We have held that the medical opinions of a treating physician must be given "substantial or considerable weight" unless "good cause" is shown to the contrary. *Id.* at 1179. *See also* 20 C.F.R. § 404.1527(c)(2) (providing, among other things, that the Social Security Administration gives more weight to the opinion of a treating physician). We have found good cause to exist where the doctor's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the doctor's opinion was conclusory or inconsistent with his or her own medical records. *See Winschel*, 631 F.3d at 1179.

In addition, "[t]he [administrative law judge] must state with particularity the weight given to different medical opinions and the reasons therefor[e]." *Id.* "[T]here is no rigid requirement," however, "that the [administrative law judge] specifically refer to every piece of evidence in his [or her] decision," so long as the decision is not "a broad rejection" that leaves the district court or this Court with

6

insufficient information to conclude whether the administrative law judge considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). When the administrative law judge's articulated reasons for assigning limited weight to a treating physician's opinion are supported by substantial evidence, there is no reversible error. *See Moore*, 405 F.3d at 1212. To the extent that an administrative law judge commits an error, the error is harmless if it did not affect the judge's ultimate determination. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error doctrine in a Social Security appeal after finding that an administrative law judge made "erroneous statements of fact").

## III

Mr. Hunter has failed to demonstrate reversible error. First, although the administrative law judge did not specifically identify Mr. Hunter's treating physicians by name, the judge summarized Drs. Homra's and Kulick's treatment notes. The administrative law judge noted that Mr. Hunter's neurogenic bladder was mild and that he did not have to wear protective undergarments on a regular basis. This finding is supported by the record, as several of Dr. Homra's notes indicated that Mr. Hunter's condition was mild or that he was not incontinent. Further, Mr. Hunter did not wear protective undergarments to an independent medical examination (held in an unrelated worker's compensation matter) in July

of 2010. The record is, at best, inconsistent about Mr. Hunter's need for protective undergarments or medicine to manage any incontinence issues, but substantial evidence exists to support the administrative law judge's findings on this point. The same holds true for Mr. Hunter's claim regarding Dr. Kulick's treatment for numbness in his right foot, edema, and peripheral neuropathy with foot drop, as the administrative law judge specifically noted these symptoms. Thus, the order demonstrates that the administrative law judge considered Mr. Hunter's medical condition as a whole. *See Dyer*, 395 F.3d at 1211.

Moreover, Drs. Homra and Kulick did not offer opinions as to how Mr. Hunter's medical conditions would impact his ability to perform his past relevant work. *See Winschel*, 631 F.3d at 1178-79. Conversely, the doctors upon whom the administrative law judge expressly relied specifically opined as to Mr. Hunter's work-related abilities in light of the existing medical conditions.

To the extent that the administrative law judge erred by failing to state with particularity the weight assigned to Drs. Homra's and Kulick's medical opinions, the error is harmless because it did not affect the administrative law judge's ultimate determination. *See Dyer*, 395 F.3d at 1211. Substantial evidence supports the administrative law judge's conclusion that Mr. Hunter was not under a disability, as the medical records and expert testimony demonstrated that, despite his medical conditions, Mr. Hunter was still capable of performing his past

relevant work.  *See Moore*, 405 F.3d at 1211.  One of Mr. Hunter's prior jobs—a benefits eligibility worker—is classified as sedentary skilled work.  Mr. Hunter has not argued on appeal how his residual functional capacity is more limited than performing this prior job.  Thus, Mr. Hunter is not disabled as defined in the Social Security Act.

## IV

Upon review of the record and careful consideration of the parties' briefs, we affirm.

**AFFIRMED.**