[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14547
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00378-DNF


MARTIN COTTO COLON,

Plaintiff -Appellant,

versus

CAROLYN W. COLVIN, et al,
ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant -Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 12, 2016)

Before WILLIAM PRYOR, JORDAN, and JILL PRYOR Circuit Judges.

PER CURIAM:

Martin Colon appeals the district court's affirmance of the Social Security Administration's denial of his application for disability insurance benefits under 42 U.S.C. § 405(g). He argues that the administrative law judge erred by failing to state how much weight was given to certain medical opinions in his unfavorable judgment. Mr. Colon further asserts that the ALJ erred by failing to fairly and fully develop the record by not ordering additional consultative examinations. After review of the record and the parties' briefs, we affirm the ALJ's decision.

**I**

Because we write for the parties, we assume their familiarity with the underlying record and facts, and recite only what is necessary to resolve this appeal.

In December of 2004, Mr. Colon filed an application for a period of disability and insurance benefits, alleging that his disability began in August of 2004. Mr. Colon's initial application was denied in April of 2005 and on reconsideration in May of 2006. Mr. Colon had a hearing before the ALJ on his denial in August of 2007, where he received an unfavorable decision.

In his analysis the ALJ noted that Mr. Colon suffered from the severe impairments of hepatitis C, diabetes mellitus, and depression. The ALJ took into consideration the opinions of six medical and mental health professionals in deciding that Mr. Colon was still capable of performing a wide range of light work;

2

that he could work in an environment involving occasional interaction with the public, coworkers, and supervisors; and that he was limited to work requiring minimal changes in work setting and minimal decision making.

In February of 2008, the ALJ amended his decision to correct Mr. Colon's age and clarify his limited ability to communicate in English. In April of 2009, the Appeals Council remanded the case with instructions that the ALJ investigate Mr. Colon's English literacy and determine if he had performed any work after his alleged onset date. Those issues were addressed during a hearing in August of 2009, but Mr. Colon received an unfavorable decision in early 2010. Mr. Colon requested a review of that decision, and the Appeals Council again remanded the case for further review with instructions that the ALJ again clarify Mr. Colon's proficiency in English, examine how long the Disability Insurance Benefits would cover, get updated medical evidence concerning Mr. Colon's condition, and order additional consultative exams if necessary. In June of 2012, the ALJ held a third hearing, which again resulted in an unfavorable decision for Mr. Colon. The Appeals Council denied Mr. Colon's request for review. Mr. Colon then initiated this action in the district court, which affirmed the ALJ's decision that Mr. Colon was not disabled.

**II**

3

Mr. Colon first argues that the ALJ erred when he failed to state the particular weight given to Dr. Yunus Pothiawala's opinion concerning his mental limitations and in failing to mention the findings of Dr. Murphy Keven and Dr. Dominic Marino. We disagree.

We review *de novo* the judgment of the district court. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). We review the decision of the ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review *de novo* the Commissioner's legal conclusions and give deference to factual findings if they are supported by substantial evidence, consisting of such relevant evidence as a reasonable person would accept as adequate support to a conclusion. *See Moore v. Barnhard*, 405 F.3d 1208, 1211 (11th Cir. 2005). Even if we find that the evidence preponderates against the Commissioner's decision, we will affirm if the decision is supported by substantial evidence. *See Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This limited review does not allow deciding facts anew, determining credibility, or reweighing the evidence. *See Moore*, 405 F.3d at 1211. An error is harmless if it does not affect the ALJ's ultimate decision. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

The Commissioner uses a five-step, sequential evaluation process to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listings of Impairments; (4) whether, based on the Residual Functional Capacity assessment, the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are a significant number of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education and work experience. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011). *See also* 20 C.F.R. § 404.1520(a)(4). The RFC is "that which an individual is still able to do despite the limitations caused by his or her impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The ALJ considers all relevant evidence in the record in determining the claimant's RFC. *Id.*

All medical opinions in a claimant's case record must be considered together with other relevant evidence received. *See* 20 C.F.R. § 404.1527(b). The ALJ must state with particularity the weight given to different medical opinions and the reasons for assigning weight. *See Winschel*, 631 F.3d at 1179. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial

5

evidence. *Id*. Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for the decision, we will decline to affirm "simply because some rationale may have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).

Mr. Colon is correct that the ALJ erred in not stating the particular weight that was given to Dr. Pothiawala's findings regarding his mental limitations and in not mentioning the findings of Dr. Keven and Dr. Marino. *See Winschel*, 631 F.3d at 1179. But based on the record, we find that error was harmless. *See Diorio*, 721 F.2d at 728. This is because those medical opinions were consistent with the ALJ's conclusion that Mr. Colon's depression was not a severe impairment and that he had no mental limitations that affected his RFC.

We also affirm the ALJ's decision because we are not left pondering why the ALJ made the decision he made. This is not a case like *Winschel*, where the ALJ failed to provide enough information to know how he came to his decision. *See Winschel*, 631 F.3d at 1179. We do not ignore the rest of the opinion merely because of the ALJ's failure to assign weight as to Dr. Pothiawala and to mention the other two doctors. The ALJ's discussion of Dr. Pothiawala's opinion is in depth and does not leave us wondering how the ALJ came to his decision. The ALJ's order demonstrates thoughtful consideration of the findings and supports the overall conclusion that Mr. Colon is not disabled.

## III

Mr. Colon next asserts that the ALJ erred by failing to fairly and fully develop the record by not ordering additional consultative examinations when new evidence in the record suggested they were necessary. We disagree.

The claimant bears the burden of proving that he is disabled, and is required to produce evidence to support the claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Regardless of whether the claimant is represented by counsel, the ALJ has an obligation to develop a full and fair record. *See Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). In examining whether the ALJ fully developed the record, we look to see if the record contains an evidentiary gaps that resulted in unfairness or clear prejudice. *See id.* at 935. If the record contains sufficient evidence for the ALJ to make an informed decision, he will not err if he does not order a consultative exam. *See Ingram*, 496 F.3d at 1269.

The ALJ did not err in this case by not ordering additional consultative exams for Mr. Colon. The record here does not contain any evidentiary gaps that resulted in unfairness or clear prejudice. The ALJ's determination as to Mr. Colon's physical RFC was based on numerous medical opinions that were largely in accord. Mr. Colon did not assert a new previously unexamined limitation that

would affect his mental RFC, so a consultative exam would have been for the same condition that had been examined several times since the inception of this case. The ALJ also consulted evidence that was submitted after the Appeals Council's last remand and found that this new evidence was consistent with the earlier medical evidence. Mr. Colon may be correct that additional consultative exams may have been somewhat helpful, but he ultimately bears the burden of showing that he is disabled. *See Ellison*, 335 F.3d at 1276. The ALJ accounted for Mr. Colon's severe impairments in his decision. As a result of the record developed by the ALJ, Mr. Colon cannot show any evidentiary gaps that would result in prejudice and require a remand.

## IV

We affirm the district court's decision.

**AFFIRMED**.

8