[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12244
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-02197-VEH

RITA PATE,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 31, 2017)

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Rita Pate appeals the district court's order affirming the final decision of the Social Security Commissioner ("Commissioner") partially denying her application for disability insurance benefits.  On appeal, Pate argues that the administrative law judge ("ALJ") substituted her own opinion for that of Pate's treating physician, Dr. Duane Tippets, by holding that the issue of whether Pate was disabled was reserved to the Commissioner.  As a result, Pate contends that the ALJ erroneously determined that Pate was no longer entitled to benefits after May 17, 2012.

We deny Pate's motion to remand.  First, under this Court's precedent, a later favorable decision on disability benefits is not new evidence sufficient to support a remand.  Second, the ALJ did not substitute her opinion for that of Dr. Tippets.  The ALJ determined that Pate was disabled at the time Dr. Tippets provided his opinion.  Additionally, Dr. Tippets provided his opinion approximately eight months before the date that the ALJ determined that Pate was no longer disabled.  Consequently, the opinion was not temporally relevant.  Regardless, the ALJ had good cause to impliedly assign Dr. Tippets's opinion little weight for the period she determined Pate was no longer disabled, as it was inconsistent with Dr. Tippets's treatment notes and the majority of the other medical evidence.  Accordingly, we affirm the Commissioner's final decision.

We review the ALJ's decision for substantial evidence, but her application of legal principles *de novo*.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.

2

2005). Substantial evidence is relevant evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* We may not reweigh the evidence or decide facts anew, and must defer to the Commissioner's decision if substantial evidence supports it, even if the evidence preponderates against the Commissioner's decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). When the ALJ denies benefits and the Appeals Council denies review, this Court reviews the ALJ's decision as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Issues not clearly raised in the briefs are considered abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

The testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. *Id.* Where the ALJ clearly articulates specific reasons for failing to give a treating physician's opinion controlling weight, no reversible error exists. *See Moore*, 405 F.3d at 1212. Good cause arises where the evidence failed to bolster the doctor's opinion, the evidence supported a contrary finding, or the doctor's opinions were conclusory or inconsistent with his own medical records. *Lewis*, 125 F.3d at 1440.

According to 20 C.F.R. § 404.1527(d), the determination of whether an individual is disabled is reserved to the Commissioner, and no special significance will be given to an opinion on issues reserved to the Commissioner.  Section (d)(2) provides that although the Commissioner will consider opinions from medical sources on issues such as the RFC and the application of vocational factors, the final responsibility for deciding those issues is reserved to the Commissioner.

As an initial matter, Pate only contends that the ALJ improperly rejected Dr. Tippets's September 2011 opinion.  Because Pate did not point to any other opinion by Dr. Tippets, she abandoned all other issues on appeal.  *See Sapuppo*, 739 F.3d at 680.  Notably, Dr. Tippets's opinion did not mention obesity, kidney problems, headaches, or sinusitis in any of the legible portions, and Pate does not assert on appeal that it did.  As a result, Pate has not challenged the ALJ's determination that those conditions were not disabling.  Dr. Tippets's opinion also did not mention deep vein thrombosis or blood clots; however, he did state that Pate needed to keep her legs elevated during the day to prevent blood clots.

Pate correctly stated that the ALJ did not clearly articulate her rationale for affording less weight to Dr. Tippets's opinions.  The ALJ indicated that she gave little weight to Dr. Tippets's opinion because of "additional vocational factors" that applied; however, she did not identify which factors.  Although it is unclear why the ALJ nominally assigned Dr. Tippets's opinion minimal weight, because

4

the ALJ determined that Pate was totally disabled before May 17, 2012, any error was harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (holding that the complained-of error was harmless because it did not have an impact on the step being challenged).

Additionally, Pate argues that the ALJ failed to identify the medical improvements occurring after May 17, 2012. This argument is meritless because the ALJ discussed those improvements extensively.

Pate also argues that the ALJ improperly substituted her opinion for that of Dr. Tippets by holding that the issue of whether the claimant is disabled is reserved for the Commissioner. This argument is also meritless because, by law, that determination is reserved to the Commissioner, and no special significance is given to an opinion on issues reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d).

Moreover, the ALJ did not substitute her opinion for that of Dr. Tippets for the period before May 17, 2012. Rather, the ALJ stated that she considered that opinion in light of Dr. Tippets's relationship as the treating physician and its consistency with the medical evidence at the time.

Additionally, Dr. Tippets's September 2011 opinion was inconsistent with later medical evidence. After Pate had back surgery on November 1, 2011, she reported "excellent" improvement, that her back pain was "much better," and that

5

medication helped her joint and muscle pain.  After those reports, Pate attended appointments in January, February, and March 2012, during which her physical exams were normal and she did not complain of back pain.  In April, Pate reported to Dr. Tippets that she injured her neck in a car accident.  Several days later, a physical exam of her back and neck was normal and she did not complain of neck pain.  By May 17, 2012, Dr. Tippets concluded that Pate's cervical injury "resolved."

As to the period after May 17, 2012, Dr. Tippets's opinion was less relevant than contemporaneous medical records and opinions.  Pate argues that Dr. Tippets's opinion was relevant to her condition after May 17, 2012 because it demonstrated consistency with Dr. Tippets's treatment notes on May 17, 2012, November 26, 2012, and January 30, 2013.  However, Dr. Tippets's September 2011 opinion was inconsistent with later medical evidence and records, including his own.  For example, in the treatment note from May 17, 2012, Dr. Tippets opined that Pate responded excellently to a home exercise program and that her cervical strain was healing.  He noted that she had full range of motion in her neck, full strength, and symmetric reflexes, and released her from his care.  On August 10, 2012, Pate reported neck pain, joint pain, muscle pain, and decreased range of motion; however, on August 21, 2012, merely eleven days later, Pate denied back, neck, or joint pane.  Additionally, the treatment note from November 26, 2012

6

provides no reason for the visit and lists no symptoms, complaints, or diagnosis. The treatment note merely indicates that Dr. Tippets prescribed medication for pain and a muscle relaxant without indicating the conditions for which she prescribed the medicine. Finally, the treatment note from January 30, 2013 is irrelevant because it falls outside the time frame relevant for this appeal. Rather than supporting Dr. Tippets's September 2011 opinion, these treatment notes suggests that his evaluation of her condition changed.

Pate provides no support for her argument that Dr. Tippets's September 2011 opinion should take precedence over the later opinions, and does not explain why this Court should consider that opinion as controlling over the later opinions. Notably, Dr. Tippets saw Pate every three months for the previous ten years leading up to this appointment, at which he released her from his care. Thus, to the extent the September 2011 opinion continued to be relevant, substantial evidence supported the ALJ's decision to reject it. Furthermore, although the ALJ impliedly assigned little weight to Dr. Tippets's September 2011 opinion as to the time after May 17, 2012, the ALJ extensively discussed Pate's medical records from after that date. Following this discussion, the ALJ determined that those records did not support the limitations in her previous RFC. Therefore, the ALJ impliedly rejected Dr. Tippets's September 2011 opinion as to that period due to its inconsistency with the other medical evidence. This constitutes good cause and substantial

evidence supported that determination.  *See Lewis*, 125 F.3d at 1440.  As

previously discussed, Dr. Tippets's September 2011 opinion was inconsistent with

his own treatment notes after that date.

**AFFIRMED.**