[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11294
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cv-00038-AEP

SHERRAIN WOOTEN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 11, 2019)

Before WILLIAM PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Sherrain Wooten appeals the district court's affirmance of the Social Security Administration's (SSA) denial of her claim for a period of disability, disability insurance benefits (DIB), and Supplemental Security Income (SSI). Wooten makes two arguments.  First, Wooten contends that the Administrative Law Judge (ALJ) erred by relying on the vocational expert's opinion that Wooten was capable of performing jobs as a "document preparer" and "surveillance systems monitor."  Second, Wooten argues that the ALJ erred by relying on the vocational expert's estimate of the number of "final assembler" jobs that existed in the national economy.

Because any error committed by the ALJ was harmless, we hold that the district court correctly affirmed the SSA's denial of Wooten's claim.

**I**

Wooten applied for a period of disability, DIB, and SSI in August 2013, alleging that she had become disabled in July of that year.  The SSA initially denied Wooten's claim. Wooten then requested a hearing before an ALJ.

The ALJ also denied Wooten's claim.  The ALJ concluded that Wooten suffered from the following impairments: congestive heart failure, diabetes mellitus, hypertension, obesity, affective disorder, anxiety disorder, and substance-abuse disorder.  But the ALJ also determined that, despite these impairments, Wooten retained a residual functional capacity to perform unskilled, simple,

2

routine, and repetitive work.  Relying on the testimony of a vocational expert, the ALJ found that Wooten could perform three jobs—"surveillance systems monitor," "document preparer," and "final assembler"—and that those jobs existed in sufficient numbers in the national economy.  Accordingly, the ALJ concluded that Wooten was "not disabled" under the Social Security Act and therefore did not qualify for a period of disability, DIB, or SSI.

After an unsuccessful appeal to the SSA Appeals Council, Wooten filed a complaint in the U.S. District Court for the Middle District of Florida, seeking review of the SSA's denial of her applications. Wooten challenged the ALJ's decision on two grounds.  First, she argued that the ALJ erred in concluding that she could perform the jobs of "security systems monitor" and "document preparer" because there was a conflict between her residual functional capacity and the General Educational Development reasoning level required for those positions. Second, Wooten argued that the ALJ erred by relying on the vocational expert's estimate of final assembler jobs that existed in the national economy when finding that those jobs existed in significant numbers.  The district court rejected both of Wooten's arguments, and this appeal followed.

## II

In a Social Security appeal, we determine whether the ALJ's decision is "supported by substantial evidence and based upon proper legal standards."

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation omitted).  Substantial evidence requires more than a scintilla of evidence; it requires such relevant evidence as a reasonable person would accept as sufficient to support a conclusion.  *Id.*  We don't "decide the facts anew, reweigh the evidence, or substitute our own judgment for that of the [ALJ]."  *Id.* (quotation omitted).  We also apply harmless-error review to Social Security cases.  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

Eligibility for DIB and SSI requires that the claimant be disabled.  42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)–(2).  In order to determine whether a claimant is disabled, the SSA applies a five-step sequential evaluation.  20 C.F.R. § 404.1520(a).  This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals one of the SSA's listings and the duration requirements; (4) can perform her past relevant work, in light of her residual functional capacity; and (5) can make an adjustment to other work, in light of her residual functional capacity, age, education, and work experience.  *Id.* § 404.1520(a)(4)(i)-(v).

Wooten's applications to the SSA—and, accordingly, this appeal—hinge on the fifth factor.  The ALJ rejected Wooten's applications based on the conclusion that Wooten was not disabled because, under the fifth factor, Wooten could "make

4

an adjustment" to other work. *Id*. § 404.1520(a)(4)(v). On appeal, as in the district court, Wooten challenges two of the findings that support the ALJ's fifth-factor conclusion. We take each in turn.

## A

First, Wooten alleges that the ALJ erred in concluding that she could work as a "surveillance systems monitor" or a "document preparer." According to Wooten, the ALJ was wrong to rely on the vocational expert's testimony—which asserted that Wooten could perform these positions—in reaching this conclusion, because it conflicted with the Department of Labor's Dictionary of Occupational Titles.

The Dictionary of Occupational Titles assigns a General Education Development reasoning level to each specific position. Both "surveillance systems monitor" and "document preparer" have a General Education Development reasoning level of three, which requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." According to Wooten, this reasoning level conflicts with her residual functional capacity, which the ALJ concluded limits her to unskilled, simple, routine, and repetitive work.

We have held that an ALJ has an affirmative duty to identify and resolve apparent conflicts between a vocational expert's testimony and information in the Dictionary of Occupational Titles, pursuant to SSR 00-4p. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356, 1362-63, 1365–66 (11th Cir. 2018). As Wooten notes, however, this Court has not yet decided in a published opinion whether a limitation to simple, routine, repetitive work is inconsistent with a job that requires a General Education Development reasoning level of three.

We find no need to resolve that question here. Even if we were to assume that Wooten is right—and that there *is* a conflict between her residual functional capacity and the reasoning level required for the positions of "surveillance systems monitor" and "document preparer"—Wooten would face another problem: the ALJ also concluded that Wooten could perform the job of "final assembler." Wooten has not alleged that the "final assembler" job—which has a General Education Development level of one, the lowest level—is inconsistent with her residual functional capacity. And, as we explain below, the ALJ's conclusion that the "final assembler" job existed in sufficient numbers was based on substantial evidence. So, even if the ALJ erred in concluding that Wooten could perform the jobs of "surveillance systems monitor" and "document preparer," that error would be harmless here.

6

**B**

Second, Wooten argues that the ALJ erred by relying on the vocational expert's testimony to conclude that there existed a sufficient number of "final assembler" jobs in the national economy.  Citing data from the U.S. Census Bureau County Business Patterns—which Wooten presented for the first time at the district court—Wooten claims that the vocational expert overestimated the number of "final assembler" jobs that are available.  Given this overestimation, says Wooten, the ALJ's conclusion that a sufficient number of "final assembler" jobs existed— which was based entirely upon the opinion of the vocational expert—was not based upon substantial evidence.

We disagree.  When a plaintiff alleges that an ALJ's decision is not supported by substantial evidence, "we will look only to the evidence actually presented to the ALJ." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998); *see also Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985) ("A reviewing court is limited to [the administrative record] in examining the evidence.").  We don't "decide the facts anew." *Winschel*, 631 F.3d at 1178.

And here, the only evidence presented to the ALJ regarding the number of "final assembler" jobs was the interrogatory response of the vocational expert, in which the vocational expert stated that 235,000 of those jobs existed nationwide. Wooten didn't present the County Business Patterns evidence before the ALJ, nor

7

did she object to or question the ALJ's estimation of the number of "final assembler" jobs during the administrative proceedings.  We think, therefore, that the uncontradicted testimony of the vocational expert provided the ALJ with substantial evidence in the record supporting the ALJ's decision.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (holding that the ALJ can resolve the step-five question "by the use of a vocational expert").

## III

For the foregoing reasons, we hold that the district court did not err in affirming the SSA's denial of Wooten's applications for a period of disability, DIB, and SSI.

**AFFIRMED.**

8