[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13975
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-01562-PRL

MARY DOWNING,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 20, 2021)

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Mary Downing appeals the district court's order affirming the Commissioner's denial of disability benefits and supplemental security income. After careful review, we affirm the district court's ruling.

**I**

Downing applied for disability and supplemental security income, alleging that she became disabled on September 26, 2014. The Social Security Administration denied that application, and Downing filed a request for a hearing before an administrative law judge. Following a hearing, the ALJ denied Downing's claim on October 2, 2018. Downing appealed the ALJ's decision to the Appeals Council. On December 10, 2018, a legal assistant for the Appeals Council notified Downing that she had a 25-day deadline to submit new information in support of her request for review.

On March 20, 2019, long after the 25-day deadline elapsed, Downing received an MRI scan of her lower back. Downing submitted the report from the MRI scan to the Appeals Council on March 29, 2019. On May 1, 2019, the Appeals Council denied Downing's request for review, but did not reference her MRI report. Downing sought review of the Appeals Council's denial in the district court. Downing argued, among other things, that the Appeals Council erred in failing to consider the MRI report. The district court affirmed the denial of

2

Downing's claim, concluding that the Appeals Council had not erred in failing to consider the MRI report. Downing now appeals.

## II

On appeal, Downing argues that this Court should reverse and remand the district court's order and that the Appeals Council should determine whether the MRI report is chronologically relevant. If the MRI report is chronologically relevant, Downing contends, the Appeals Council should either remand the case for a new hearing or find that the MRI report would not change the outcome and affirm the decision. Downing makes three arguments: (1) the Appeals Council in general, and its legal assistant in particular, lacked the authority to issue a 25-day deadline for additional evidence in its December 10, 2018 letter; (2) the Appeals Council improperly ignored the MRI report; and (3) the Appeals Council failed— as required by 20 C.F.R. § 416.1470(c)—to send Downing a notice explaining why it did not consider the MRI report and advising her of her right to file a new application. We address Downing's arguments in turn.

## A

First, we need not address Downing's argument that the Appeals Council and its legal assistant lacked the authority to issue its 25-day deadline. Downing did not raise this issue to the district court. "[T]his Court will not address an

3

argument that has not been raised in the district court." *Stewart v. Dep't. of Health and Hum. Servs.*, 26 F.3d 115, 115–16 (11th Cir. 1994).

**B**

We next consider Downing's contention that the Appeals Council improperly ignored the MRI report. As an initial matter, we note that Downing's appeal appears to seek contradictory relief. On the one hand, she asks that the Appeals Council—not this Court—determine the chronological relevance of the MRI report. But she also argues that the Appeals Council improperly ignored the MRI report, impliedly arguing on appeal that the MRI report was chronologically relevant. Because we think that Downing has raised the chronological relevance issue of the MRI report on appeal, we address it.

A claimant may request review of an ALJ's decision by filing a written request to the Appeals Council. *See* 20 C.F.R. § 416.1468(a). "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (quoting 20 C.F.R. § 404.970(b)). "[W]hether evidence meets the new, material, and chronologically relevant standard 'is a question of law subject to our *de novo*

4

review.'" *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (quoting *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003)).

New evidence is chronologically relevant if it "relates to the period on or before the date of the hearing decision." *See* 20 C.F.R. § 416.1470(a)(5).  In *Washington v. Social Security Administration, Commissioner*, this Court held that the opinion of a psychologist—who examined the claimant seven months *after* the ALJ's decision—was chronologically relevant, noting that "medical opinions based on treatment occurring *after* the date of the ALJ's decision may be chronologically relevant."  806 F.3d at 1322–23 (emphasis added).  We have since confined *Washington*'s holding to its "specific circumstances"—where the claimant had described her symptoms from the pre-ALJ period and the practitioner had reviewed records from that period.  *See id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309–10 (11th Cir. 2018).

Here, the ALJ issued its decision denying Downing's claim on October 2, 2018, well before the March 20, 2019 MRI scan.  Unlike the psychological evaluation in *Washington*, Downing's MRI report did not indicate that the physician reviewed any of Downing's previous medical records or that he based his findings on Downing's physical condition before the date of the ALJ decision.  *See Washington*, 806 F.3d at 1322–23.  Instead, the MRI report's findings and impressions appear to pertain only to the date that the scan occurred—March 20,

5

2019.[1]  The MRI report does not relate to the period on or before the date of the

ALJ's hearing decision and is thus not chronologically relevant.

## C

Finally, Downing contends that not only did the Appeals Council fail to

consider additional evidence, but it also never sent her "a notice that explain[ed]

why it did not accept the additional evidence" or advised her of her right to file a

new application.  20 C.F.R. § 416.1470(c).  Downing also argues that the district

court failed to address this issue.

Downing only mentioned this argument, however, in a single passing

sentence in her district court brief.  Downing's brief simply noted that, if the MRI

report was not chronologically relevant, the Appeals Council "had a duty to state

that in the decision and advise the claimant that if she made a new application for

benefits within 60 days from May 1, 2019, they would consider the date of the

request for review as a protective filing date."  She provided no further

explanation, nor did she cite to the governing regulation, 20 C.F.R. § 416.1470(c),

from which the Appeals Council's notice requirement derives.  Because Downing

---

[1] The MRI report does list Downing's "Clinical History" of "[l]ow back pain" and "bilateral lower extremity radicular symptoms."  But nothing suggests that that description arose out of the period preceding the ALJ's decision.  And even if those symptoms did pre-date the ALJ decision, the listing of some past symptoms, standing alone, still wouldn't constitute new or material evidence.  *See* 20 C.F.R. § 404.970(a)(5).

did not properly present this argument to the district court, we need not consider it.

*Stewart*, 26 F.3d at 115–16.

Even if properly raised, Downing's argument does not warrant reversal. Although the Appeals Council should have sent Downing a notice under 20 C.F.R. § 416.1470(c), the record reflects that Downing was fully aware of her right to file a new application. Downing's request for review asked that the Appeals Council "consider this letter a protective filing date for a new application for benefits." The Appeals Council's failure to provide notice, and the district court's failure to address that issue, thus amounts to harmless error. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

## III

For the foregoing reasons, the district court properly affirmed the denial of Downing's claim for disability benefits and supplemental security income.

**AFFIRMED.**