[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10104
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-01773-LSC


DONNA KAY LOVELESS,

                                                      Plaintiff - Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

                                                      Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 1, 2017)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Donna K. Loveless appeals the district court's order affirming the Social Security Commissioner's denial of her application for disability insurance and supplemental security income benefits under 42 U.S.C. § 405(g).  Ms. Loveless asserts that the administrative law judge erred in determining that her allegations of pain and symptoms were only partially credible and by assigning little weight to a treating physician's residual functioning capacity assessment.  After careful review of the record and the parties' briefs, we affirm.

I

Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

In May of 2012, Ms. Loveless, who is over the age of fifty, filed an application for Social Security benefits.  Ms. Loveless alleged that she became disabled in November of 2011 due to physical impairments involving her wrists, elbows, shoulders, neck, and back.[1]  After her initial and reconsideration applications were denied, Ms. Loveless requested a hearing before an ALJ which took place in March of 2013.

Applying the five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520(a)(4)(i)-(v), the ALJ found that Ms. Loveless suffered from the

---

[1] In her initial application, Ms. Loveless also claimed a disability related to an anxiety disorder under SSA Listing 12.06, but she appears to have abandoned that claim before the ALJ and on appeal.

2

following severe impairments: bilateral carpal tunnel syndrome, right tennis elbow, disc protrusions with foraminal stenosis, and spinal facet arthropathy. After considering the testimony of Ms. Loveless and a vocational expert, the medical opinions of two treating physicians, and her medical records, the ALJ determined that Ms. Loveless did not have an impairment or combination of impairments that met or medically equaled a listed impairment. In reaching that decision, the ALJ reasoned that Ms. Loveless' allegations of disabling levels of pain were inconsistent with the record as a whole. In pertinent part, the ALJ highlighted that Ms. Loveless did not seek treatment until three months after her alleged onset date, that she later received treatment and corrective surgeries that helped manage her pain and symptoms, and that one treating physician's physical assessment conflicted with some of his own findings and Ms. Loveless' other medical records.

The ALJ then considered whether Ms. Loveless could perform any past relevant work based on her residual functioning capacity, age, and education. Although the ALJ accepted the vocational expert's testimony that Ms. Loveless could no longer perform heavy, semi-skilled work as a furniture assembler, he found jobs in the national economy that a person of her capacities could perform. Accordingly, the ALJ found that Ms. Loveless was not disabled and issued an unfavorable decision.

3

The Appeals Council denied Ms. Loveless' request for review of the ALJ's unfavorable decision, and the district court affirmed the ALJ's decision. Ms. Loveless now appeals.

## II

Generally, when an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's decision to determine if it is supported by substantial evidence, *see Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004), and we conduct plenary review of the district court's decision as to whether substantial evidence supports the Commissioner's decision. *See Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford*, 363 F.3d at 1158. This limited review does not permit "deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Moreover, an error is harmless if it does not affect the ALJ's ultimate decision. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

## III

An individual claiming disability insurance and SSI benefits has the burden of proving that she is disabled and is responsible for producing evidence to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A treating physician's opinion "must be given substantial or considerable weight unless good cause is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal quotation marks and citation omitted). "Good cause" may be found when an opinion is not bolstered by the evidence, when the evidence supports a contrary finding, or when a physician's opinion is "inconsistent with [his or her] own medical records." *Id.* Moreover, it is the ALJ's responsibility to resolve the conflicts between the evidence and testimony presented. *See Moore*, 405 F.3d at 1212 (noting that "credibility determinations are the province of the ALJ").

Ms. Loveless first argues that the ALJ improperly discounted her testimony about her symptoms and allegations of pain. The ALJ considered Ms. Loveless' testimony, but gave several reasons for concluding that her testimony about the extent of her disabling condition was not entirely credible. For example, Ms. Loveless alleged that her disability began in November of 2011, but she did not seek treatment (or present evidence indicating that she attempted to seek treatment) until three months after her alleged onset date. Ms. Loveless also claimed to have

5

difficulty sleeping at night and stated that she "stays tired all the time," but her complaints of disabling fatigue are not adequately reflected in her objective medical records. *See* ALJ Decision at 7. Similarly, Ms. Loveless claimed that one of her doctors had recommended an additional surgery and that she had visited the emergency room for treatment, but neither allegation is reflected in the record.

In addition to a lack of medical evidence to support part of her testimony at the hearing, the ALJ noted that Ms. Loveless alleged difficulty lifting, sitting or standing for longer than fifteen to twenty minutes at a time, walking more than fifty feet, going to the grocery store without assistance, and completing household chores. But in a separate function report that she had previously completed, Ms. Loveless claimed that she can do "light dusting, load [a] washer, and load [a] dishwasher," and that her conditions "do not affect her ability [to] squat, bend, stand, reach, walk, sit, kneel, or climb stairs." *See* ALJ Decision at 7. Furthermore, Ms. Loveless had not lost interest in or the ability to engage in daily activities such as going outside, riding in a car, shopping, watching television, and caring for her grandchildren.

Ms. Loveless also argues that the ALJ erred in assigning little weight to a functional capacity assessment completed by one of her treating physicians— Dr. Long. As a preliminary matter, Ms. Loveless is correct that the ALJ erred in determining that Dr. Long "d[id] not have a treating relationship" with her. *See id.*

at 8.  But that error is harmless because the ALJ did not issue his unfavorable decision on that basis and gave additional reasons establishing good cause to discount Dr. Long's assessment.  *See Diorio*, 721 F.2d at 728 (finding that ALJ's "erroneous statements of fact" were harmless because they did not affect the ultimate outcome of the case).

The ALJ concluded that Dr. Long's assessment—that Ms. Loveless was limited to standing for two hours, walking for one hour, and sitting for four hours during an eight-hour workday, and that she "would miss sixty full or partial days of work during a year"—conflicted with his previous findings and other objective medical evidence.  *See id.* at 8.  Indeed, on previous visits, Dr. Long reported that Ms. Loveless denied having problems with significant fatigue and appeared "to be in no acute distress [and that] she was neurologically intact with normal motor strength in her upper and lower extremities with no swelling or joint abnormalities."  *See id.*  The ALJ also observed that Dr. Long had prepared this assessment after a five-month period during which Ms. Loveless had been treated exclusively by an orthopedic specialist for surgeries and pain management that had helped to effectively reduce her pain.  *See id.* (noting that Ms. Loveless' orthopedist reported that she "was doing well and [that] her range of motion and handgrip strength had improved").  In sum, the ALJ articulated specific reasons for choosing to discount this particular physical assessment prepared by Dr. Long and

he was in the best position to weigh the conflicting evidence here.  *See Moore*, 405 F.3d at 1212.

Substantial evidence also supported the ALJ's finding that Ms. Loveless reported levels of disabling pain that conflicted with other evidence in the record, as shown by her ability to complete simple household chores and by her continuing interest in daily activities.  The ALJ properly considered the routine nature and effectiveness of Ms. Loveless' treatment, the relative infrequency of her visits to both of her treating physicians, and the absence of evidence to confirm some of her testimony and her subjective allegations of pain and certain symptoms.  Finally, the ALJ had good cause to conclude that Dr. Long's residual functioning capacity assessment conflicted with his other medical findings and Ms. Loveless' objective medical record as a whole.

## IV

We affirm the district court's order upholding the ALJ's unfavorable decision because substantial evidence supported the ALJ's finding that Ms. Loveless was not disabled.

**AFFIRMED.**