[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14673
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-21930-KMW

SANDRA SARLI,

Plaintiff–Appellant,

versus

ACTING COMMISSIONER OF SOCIAL SECURITY,
Nancy Berryhill,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 17, 2020)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Sandra Sarli appeals following the district court's order denying her motion for summary judgment, granting the Social Security Commissioner's ("Commissioner") motion for summary judgment, and affirming the Administrative Law Judge's ("ALJ") decision denying her application for Supplemental Security Income Benefits.   On appeal, Sarli argues that: (1) the ALJ failed to accord the proper weight to the opinions of her treating physicians; (2) the ALJ improperly failed to state the weight it gave to the opinions of the state agency psychological consultants; and (3) substantial evidence did not support the ALJ's residual functional capacity ("RFC") findings.   After careful review, we affirm.

Our review of ALJ determinations on Social Security eligibility is limited to whether the conclusion, as a whole, is supported by substantial evidence in the record.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).   As we have explained, "[s]ubstantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation omitted).   We "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner."  *Id.* (brackets omitted).  A harmless error—that is, one that does not affect the ALJ's ultimate decision—does not constitute a ground for reversal.  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).  Additionally, as a prudential matter, a claim or

argument that the plaintiff failed to brief before us is deemed abandoned, and we will not consider the argument's merits. *Access Now, Inc. v. SW Airlines, Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). In that vein, we "will not address an argument that has not been raised in the district court." *Stewart v. Dep't of Health and Human Servs.*, 26 F.3d 115, 115 (11th Cir. 1994).

To be eligible for Social Security disability benefits, the applicant bears the burden of proving that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant may establish that she has "a disability through [her] own testimony of pain or other subjective symptoms." *Dyer*, 395 F.3d at 1210. In such a case, the claimant must show:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.*

In evaluating the objective medical evidence, the ALJ must give the medical opinions of treating physicians "substantial or considerable weight," unless good cause exists not to. *Winschel*, 631 F.3d at 1179 (quotation omitted).[1] Good cause

---

[1]     Sarli argues that the ALJ erred by giving only "partial weight" to the opinion of Sandra Fujita, an Advanced Registered Nurse Practitioner. We note that the ALJ must give controlling weight only to medical opinions. *See* 20 C.F.R. § 404.1513(a). If a record opinion is not a medical opinion, as defined by the regulations, then the ALJ must consider that opinion but is not required to give it controlling weight. *See id.* In 2013, the opinions of Advanced Registered Nurse Practitioners ("ARNP") were not medical opinions as defined by the regulations. *Compare*

exists if: (1) the treating physician's opinion is not supported or bolstered by the evidence; (2) other evidence supports a contrary finding; or (3) the treating physician's opinion was "conclusory or inconsistent with the doctor's own medical records." *Id.* (quotation omitted). If an ALJ discredits a treating physician's opinion for good cause, he must "clearly articulate" his reasons for doing so. *Id.* (quotation omitted).

Further, the ALJ must "state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* We "will decline to affirm" an ALJ's opinion when he fails to state with "some measure of clarity" the weight he gave to the medical opinions in the record. *Id.* (quotation marks omitted).

In evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the "duration, frequency, and intensity" of the claimant's symptoms; (3) "[p]recipitating and aggravating factors"; (4) the effectiveness and side effects of any medications; and (5) treatment or other measures taken by the claimant to alleviate symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The ALJ is to consider these factors in light of the other evidence in the record. *Id.* §§ 404.1529(c)(4), 416.929(c)(4). "The claimant's subjective testimony supported by medical evidence that satisfies the

---

71 Fed. Reg. 45594 (Aug. 9, 2006) *with* 82 Fed. Reg. 5844-45 (Jan. 18, 2017). Accordingly, in 2013, an ALJ was not required to give controlling weight to an ARNP's medical opinion, and we find no error in this regard. *See* 20 C.F.R. § 404.1513(a).

standard is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

If the ALJ discredits the claimant's testimony as to her subjective symptoms, it "must clearly articulate explicit and adequate reasons for" doing so. *Dyer*, 395 F.3d at 1210 (quotation marks omitted). Such "credibility determinations are the province of the ALJ," and we will "not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

Here, we conclude that the ALJ's determination was supported by substantial evidence. With respect to its decision to accord only partial weight to the opinions of Sarli's treating physicians, we conclude that the ALJ provided good cause for doing so, and that those reasons were supported by substantial evidence. *See Winschel*, 631 F.3d at 1179. In particular, the ALJ's decision to accord partial weight to the testimony of Dr. Alejandro Urrutia, one of Sarli's treating physicians, reflected inconsistencies between Dr. Urrutia's treatment notes and the opinion he provided on the Medical Assessment Form. While his treatment notes indicated that Sarli's condition was improving, and that she had good concentration, orientation, communication skills, and reliability, the opinion he contemporaneously provided on the Medical Assessment Form stated that Sarli had poor, or seriously limited, concentration, reliability, and communication skills.

These inconsistencies supported the ALJ's determination to accord partial weight to his testimony.

We similarly find no error in the ALJ's failure to specifically state the weight that it gave to the state agency consulting psychologists. The ALJ's opinion specifically stated that Sarli's impairments and activities were consistent with "the opinions of the State Agency review physicians at the initial and reconsideration levels." Accordingly, we conclude that the ALJ clearly considered those opinions and found that they were consistent with its findings. Moreover, because the state agency psychological consultant opinions were consistent with the ALJ's ultimate determination of Sarli's residual functioning capacity, the ALJ committed harmless error by failing to state the weight it gave to those opinions, as that failure would not have affected the ultimate outcome of ALJ's decision. *See Diorio*, 721 F.2d at 728.

Finally, the ALJ's RFC finding was supported by substantial evidence. The ALJ found that Sarli had the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations: Sarli is limited to simple, routine, and repetitive tasks but not at a production-rate pace such as piece-work or assembly-line work. She could engage in occasional interaction with supervisors, coworkers, and the public. The medical evidence that was credited by the ALJ, as

well as Sarli's own testimony to the extent credited by the ALJ, supported the ALJ's findings regarding Sarli's ability to concentrate and function in society.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**