[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14070
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-22027-RNS

MILEIDY FIGUERA,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 21, 2020)

Before WILLIAM PRYOR, Chief Judge, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Mileidy Figuera, who has bipolar disorder, appeals the district court's order affirming the Commissioner's denial of her application for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. An individual claiming DIB must prove that she is disabled. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Administrative Law Judge (ALJ) uses a five-step, sequential evaluation process to determine whether a claimant is disabled. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step four of the sequential analysis, the ALJ must assess and determine a claimant's residual functional capacity (RFC) by considering all relevant medical and other evidence. 20 C.F.R. §§ 404.1520(e), 404.1527(e), 404.1546(c); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).

On appeal, Figuera argues that: (1) the ALJ did not properly assess the opinion evidence because he did not articulate the weight accorded to notes prepared by Dr. Hernandez and two advanced registered nurse practitioners (ARNP) and gave no weight to a disability exception report prepared by her treating physician, Dr. Piniella; and (2) the ALJ's RFC determination was not

based on substantial evidence of record because it did not account for mental limitations documented by State agency consultants.[1]  After review,[2] we affirm.

## I.  OPINION EVIDENCE

As a preliminary matter, we note that Figuera has not argued on appeal that the ALJ committed reversible error by not considering Dr. Hernandez a treating physician and disregarding his opinion without good cause.  Instead, her argument is that the ALJ should have stated with particularity the weight he gave to the specific statements by Dr. Hernandez and certain ARNPs regarding the debilitating nature of her mental illness.  She also challenges the ALJ's decision to give no weight to a disability exception report prepared by Dr. Piniella.  We conclude the district court committed no reversible error in its consideration of opinion evidence.

---

[1] Figuera also argues the ALJ failed to properly assess her credibility by not considering all the factors in SSR 96-7p and C.F.R. §§ 404.1257, 416.927(c).  However, Figuera did not adequately raise this issue in her brief before the district court.  She raised the issue only summarily, without any citations to the record or authority.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (noting that a party "abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority").  As a result, we do not address the sufficiency of the ALJ's credibility finding.  *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

[2] We review a Social Security case to determine whether the Commissioner's decision is supported by substantial evidence and review *de novo* whether the correct legal standards were applied.  *See Moore*, 405 F.3d at 1211.  Substantial evidence is any relevant evidence, greater than a scintilla, that a reasonable person would accept as adequate to support a conclusion. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  If, in light of the record as a whole, substantial evidence supports the Commissioner's decision, we will not disturb it.  *Id.* at 1439.

First, the ALJ did not err by failing to state with particularity the weight given to the notes prepared by the ARNPs.  The ALJ had no obligation to discuss the ARNPs' notes.  While the ALJ must state with particularity the weight given to different medical opinions and the supporting reasons, *Winschel*, 631 F.3d at 1179, nurse practitioners and licensed clinical social workers are not "acceptable medical sources" under the regulations.  *See* 20 C.F.R. §§ 404.1513(a), 416.913(a).  As "other sources," they cannot establish the existence of a medically determinable impairment, produce medical opinions, or be considered treating sources.  SSR 06-3p, 71 Fed. Reg. 45,593-03 (Aug. 9, 2006).[3]  The ALJ "may" consider evidence from other sources to show the severity of an individual's impairments and how those impairments affect the individual's ability to function, but he is not required to do so.  *Id.*  Thus, the ALJ's failure to specifically state the weight he gave to the ARNPs' notes was not reversible error.  In any case, the ALJ was not required to discuss every piece of evidence because his decision considered Figuera's medical condition as a whole and did not broadly reject her claim.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

Second, as for Dr. Hernandez's statements indicating that Figuera's condition was "chronic" and "debilitating," while the ALJ may have erred by

---

[3] While SSR 06-3p was rescinded by 82 Fed. Reg. 15,263 (Mar. 27, 2017), both parties acknowledge that it was in effect during Figuera's administrative proceedings and is relevant to her appeal.

failing to state with particularity the weight given to Dr. Hernandez's opinion, *see Winschel*, 631 F.3d at 1179, any error was harmless, *see Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (noting that even if an ALJ commits an error, the error is harmless if it did not affect his ultimate determination).  Dr. Hernandez's conclusion that Figuera's mental condition was "debilitating" goes to the determination of disability, an administrative issue reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).  Moreover, as discussed below, the ALJ's RFC determination was supported by substantial evidence.  *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997) (holding that this Court will not disturb the Commissioner's decision if supported by substantial evidence).

Lastly, the ALJ did not commit reversible error by according no weight to the disability exception report prepared by Dr. Piniella because the ALJ articulated specific reasons for doing so.  *See Moore*, 405 F.3d at 1212.  Specifically, the ALJ noted that Dr. Piniella had not signed the form and that it was inconsistent with the benign mental status evaluation Dr. Piniella conducted later.  We decline to "reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *See Winschel*, 631 F.3d at 1178 (alteration in original).

Accordingly, we perceive no reversible error concerning the ALJ's weighing of opinion evidence and now turn to whether the ALJ's RFC determination was based on substantial evidence of record.

5

## II.  RFC DETERMINATION

Figuera argues that the ALJ's RFC was not based on the substantial evidence of record because it does not account for mental limitations documented by State agency consultants.  In formulating an RFC at the fourth sequential step, the ALJ considers a claimant's "ability to meet the physical, mental, sensory, and other requirements of work."  20 C.F.R. § 404.1545(a)(4).  The ALJ examines all relevant medical and other evidence, including "any statements about what [the claimant] can still do that have been provided by medical sources" and "descriptions and observations" by the claimant, her family, her neighbors, her friends, or others, of her limitations, including limitations resulting from pain.  *Id.* § 404.1545(a)(3).  State agency medical or psychological consultants are considered "experts in Social Security disability evaluation," and the ALJ must consider and assign weight to their opinions in the same manner as any other medical source.  *See id.* §§ 404.1527(f)(2), 416.927(f)(2).

We will not disturb the ALJ's RFC determination here because a review of the entire record shows that the RFC is supported by substantial evidence and sufficiently accounted for the limitations of Figuera's bipolar disorder that were reflected in the record.  The record reflects that Figuera's bipolar disorder primarily limited her ability to interact with others without fear or anxiety and concentrate on and complete complex tasks.  The State agency consultants found

that her limitations were, at most, moderate, and those expert findings were qualified with the circumstances under which Figuera could work with and interact with others.  Accordingly, the ALJ's RFC determination limiting Figuera to occasional contact with supervisors, occasional interactions with other coworkers and the public, simple instructions, and simple work-related decisions sufficiently accounted for the limitations caused by Figuera's bipolar disorder that were reflected in the record.

While the ALJ did not discuss every portion of the State agency consultants' opinions, he was under no obligation to do so.  *See Dyer*, 395 F.3d at 1211. Additionally, Figuera's focus on the restrictive aspects of the State agency consultants' opinions ignores that her RFC is the most she can do despite her impairments, not the least.  *See* SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996).

### III.  CONCLUSION

For the reasons discussed above, we affirm the Commissioner's denial of Figuera's application for DIB and SSI.

**AFFIRMED.**