[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11752
Non-Argument Calendar

_____

D.C. Docket No. 4:18-cv-00603-HTC

DARRELL EDGECOMB,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 30, 2020)

Before MARTIN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Darrell Edgecomb ("Edgecomb") appeals the district court's order affirming the Social Security Commissioner's ("Commissioner") denial of his applications for a period of disability and disability insurance benefits.  He argues on appeal that the Administrative Law Judge ("ALJ") erred in evaluating Dr. George Slade's opinion because she failed to explain why she diverged from Dr. Slade's opinion that he could stand for only 30 minutes at a time and walk for only 45 minutes at a time.  He further argues that the error was not harmless because the record does not show that there would be work available with the limitations that Dr. Slade described.

In a social security case, we review the agency's legal conclusions *de novo*, and its factual findings to determine whether they are supported by substantial evidence.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Id.* (quotation marks and brackets omitted).  We have applied the harmless error doctrine to Social Security appeals. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

2

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

An individual claiming Social Security disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Social Security regulations establish a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(1). Throughout the process, the burden is on the claimant to introduce evidence in support of her application for benefits. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. 20 C.F.R. § 416.920(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 416.920(a)(4)(i), (b). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 416.920(a)(4)(ii), (c). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 416.920(a)(4)(iii), (d). Where, as here, the ALJ finds that the claimant's severe impairments do not meet or equal a listed impairment, the ALJ must then determine, at step four, whether she has the

3

residual functional capacity ("RFC") to perform her past relevant work.  *Id.*
§ 416.920(a)(4)(iv), (e)-(f).  "[RFC] is an assessment . . . of a claimant's remaining
ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436,
1440 (11th Cir. 1997).  If the claimant cannot perform her past relevant work, the
ALJ must then determine, at step five, whether the claimant's RFC permits her to
perform other work that exists in the national economy.  20 C.F.R.
§ 416.920(a)(4)(v), (g).  Finally, the burden shifts back to the claimant to prove she
is unable to perform the jobs suggested by the Commissioner.  *Hale v. Bowen*, 831
F.2d 1007, 1011 (11th Cir. 1987).

The ALJ may reject the opinion of any physician if the evidence supports a
contrary conclusion.  *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).  In
assessing medical evidence, an ALJ is required to state with particularity the
weight he gave the different medical opinions and the reasons therefor.  *Sharfarz v.
Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).  However, there is no rigid
requirement that the ALJ specifically refer to every piece of evidence in his
decision, so long as the ALJ's decision was not a broad rejection that did not
enable the court to conclude that the ALJ considered the claimant's medical
condition as a whole.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).
When the ALJ fails to state with some measure of clarity the grounds for the
decision, we will decline to affirm "simply because some rationale might have

4

supported the ALJ's conclusion." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

The Commissioner, not a claimant's physician, is responsible for determining whether the claimant is statutorily disabled. 20 C.F.R. § 404.1527(d)(1). Specifically, "[a] statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled." *Id.*

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winschel*, 631 F.3d at 1180 (quotation marks omitted). The assessment of a claimant's RFC is "based on all the relevant evidence in [the claimant's] case record" and not simply on medical opinions. *See* 20 C.F.R. § 404.1545(a)(1). Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ. 20 C.F.R §§ 404.1513, 404.1527, 404.1545.

Here, the ALJ did not commit reversible error by failing to explain the exclusion of Dr. George Slade's finding that Edgecomb was capable of standing for 30 minutes at a time and walking 45 minutes at a time from her RFC assessment. The ALJ's decision was not a broad rejection of Dr. Slade's opinion

5

and made clear that the ALJ considered Edgecomb's medical condition as a whole, because the ALJ described Dr. Slade's opinion, including the standing and walking limitations, and then stated that she gave it substantial weight because it was consistent with her own subjective findings and generally consistent with the other objective medical evidence.  Rather, the ALJ declined to include the limitations that Edgecomb was capable of standing for 30 minutes at a time and walking 45 minutes at a time in the hypotheticals as posed to the VE because she determined that including a sit/stand option was sufficient to address the frequency Edgecomb needed to change positions within the 3 hours of standing or of sitting. This is supported by the ALJ's statement that, even though there was no evidence in the record that a cane and walker were medically necessary, she had provided Edgecomb with a "sit/stand option" in the RFC and that the VE determined he would still be able to perform other work. The ALJ's failure to address that portion of Dr. Slade's opinion itself is not reversible error, given that the ALJ is not required to specifically refer to every piece of evidence so long as the decision was not a broad rejection of the medical opinion and it makes clear that the ALJ considered Edgecomb's medical condition as a whole. *Dyer*, 395 F.3d at 1211.

Further, any error by the ALJ was harmless because there was no evidence that the jobs suggested by the Commissioner could not be performed by Edgecomb, even considering the limitations not referenced by the ALJ.  The VE

6

testified that the jobs available to Edgecomb—ticket seller, routing clerk, and convenience store cashier—could be performed sitting or standing. (AR at 379). The reasonable implication of the ALJ's inclusion of a "sit/stand option" was that the option would be at Edgecomb's own volition. Thus, the frequency that Edgecomb would need to alternate positions did not impact the VE's determination of which jobs Edgecomb could perform. The sit/stand option satisfied Edgecomb's needs as described by Dr. Slade, as he could do any of the jobs suggested by the VE sitting or standing, and it is implied that he could stand for 30 minutes at a time and sit as needed. The jobs suggested by the VE did not require walking, as implied by the VE's comment that they could be done sitting or standing, so the failure of the ALJ to include the limitation that Edgecomb could walk for 45 minutes without stopping was also harmless. Edgecomb did not offer any evidence that he could not perform the jobs identified by the VE based on his ability to sit or stand for any period of time, and thus did not satisfy his burden of showing that he could not perform the jobs proposed by the VE. *Hale*, 831 F.2d at 1011. Thus, there is no need for the ALJ to clarify whether a person with the limitations described in Dr. Slade's opinion would be capable of performing the jobs that the VE identified. Therefore, any error committed by the ALJ in failing to explain her exclusion of one portion of Dr. Slade's opinion from the hypotheticals was harmless. *Diorio*, 721 F.2d at 728.

**AFFIRMED.**